CULPEPPER, Judge,
dissenting.
I disagree with the majority as to the construction of LSA-C.C. Articles 665 and 707. In the case of Hebert v. T. L. James & Company, 224 La. 498, 70 So.2d 102 (1954), the facts were that the plaintiff owned land fronting on Bayou Terrebonne, a navigable stream. A graveled road, approximately 30 *689 feet in width, had existed parallel and close to the bank of this stream since time immemorial. The State contracted with the defendant, T. L. James & Company, to widen this road to 75 feet and pave it with concrete. Plaintiffs filed suit to enjoin the construction of the widened road. The issue was whether the State had a servitude for the new highway. Our Supreme Court reviewed exhaustively the sources and history of Civil Code Articles 665 and 707, and concluded that the landowners did not owe a free servitude for the widening of the existing road under either Article 665 or Article 707. The rationale of the Hebert decision is that the servitude owed under these articles is only for a road which is “incident to the nature, navigable character, or use of the stream”, and not to serve the public for general highway purposes. It is my view that under this rule enunciated in Hebert, the new road constructed across plaintiff’s property in the present case is not incidental to the “nature, navigable character or use of the stream”. As the majority states in its opinion, the new road is straight and is located not less than 200 feet, and in some places, as much as 300 feet from the bank of the river. The testimony is that the new road was set back from the river bank for reasons of safety and economy, not for any reason having to do with the nature, navigable character or use of the stream. The new road is simply for use by the public generally as a highway.
The majority relies on Hornsby v. State, Department of Highways, 241 La. 989, 132 So.2d 871 (1961). Although it is difficult to determine the facts from the majority opinion in Hornsby, a reading of the dissenting opinion and the decision of the Court of Appeal in the companion case of Peart v. State, 125 So.2d 673 (La.App. 3rd Cir. 1960), indicates that due to erosion of the bank of Red River the levee was set back to a new location. There had been an old road running approximately parallel to the old levee. When the levee was set back, a new road was constructed generally along the new levee and a distance of about 200 feet from the toe of the new levee. The State claimed a servitude for the new road under Articles 665 and 707. The district court and the Court of Appeal held that the Hornsbys did not owe such a free servitude. The Supreme Court reversed.
Although I have difficulty, as did the dissenting justice in Hornsby, reconciling the majority decision in Hornsby with the decision in Hebert and the previous jurisprudence discussed in Hebert, I conclude that, in any event, there is one fact which clearly distinguishes Hornsby from the present matter. In the Hornsby case, the majority states “it has not been contended here that the new roadway exceeds in size that of the old one.” In the present case, unlike Hornsby, the old road along the river bank was no more than 30 feet in width at any place, but the new servitude is 60 feet in width. Thus, under the majority opinion in the present case, the police jury will acquire a servitude for the new road twice the width of the old servitude, without paying the landowner any amount whatsoever. I cannot believe such a result is intended under Civil Code Articles 665 and 707.
It is noteworthy that in the present case the police jury did not even cite the Horns-by case. The plaintiffs cited Hornsby for the rule that the new road which the landowner must give under Article 707 cannot be wider or more onerous than the servitude which previously existed. Of course, I agree the Hornsby case is authority for this rule.
For the reasons assigned, I respectfully dissent.